IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. ASHIKE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEREMY N. ASHIKE, APPELLANT.

Filed September 10, 2024.    No. A-24-172.

Appeal from the District Court for Cheyenne County: DEREK C. WEIMER, Judge. Affirmed.

Donald J.B. Miller, Cheyenne County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and RIEDMANN and BISHOP, Judges.

BISHOP, Judge.

INTRODUCTION

Jeremy N. Ashike pled no contest to "Attempted Unlawful Intrusion – Record Video of Intimate Area" and was sentenced by the Cheyenne County District Court to 24 months of probation. At the sentencing hearing, the district court orally pronounced that the offense was subject to Nebraska's Sex Offender Registration Act (SORA). See Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016 & Cum. Supp. 2022). However, the court's subsequent written sentencing order did not refer to SORA. Ashike appeals, claiming that the court erred by ordering him to register under SORA because there was insufficient evidence to show that there was a victim less than 18 years of age as required under the relevant statute. We agree that the court's oral pronouncement related to SORA was erroneous, but because no SORA requirement was included in the court's written sentencing order, we affirm that order.

- 1 -

BACKGROUND

On August 31, 2023, the State filed an information charging Ashike with one count of "Unlawful Intrusion – Record Video of Intimate Area," a Class IV felony, in violation of Neb. Rev. Stat. § 28-311.08(2) (Cum. Supp. 2022). The State alleged that on or about August 11, Ashike knowingly and intentionally photographed, filmed, or otherwise recorded an image or video of the intimate area of a store's patrons in Sidney, Nebraska, without their knowledge and consent when their intimate areas would not be generally visible to the public regardless of whether they were located in a public or private place. Ashike pled not guilty.

On January 9, 2024, Ashike and the State reached a plea agreement, wherein Ashike agreed to plead guilty or no contest to one count of "Attempted Unlawful Intrusion," a Class I misdemeanor, related to the August 11, 2023, incident. In exchange for Ashike's plea, the State agreed to (1) dismiss any remaining charges in this case, (2) refuse to file any additional charges against Ashike arising out of the above-mentioned incident, and (3) refuse to file any other charges against Ashike that the State had knowledge of, if any, on the date the agreement was signed. The plea agreement also stated that there was no agreement regarding a sentence recommendation. The amended information charging Ashike with "Attempted Unlawful Intrusion – Record Video of Intimate Area," a Class I misdemeanor, in violation of Neb. Rev. Stat. § 28-201 (Reissue 2016) and § 28-311.08(2), was subsequently filed on February 12, 2024.

At the plea hearing, the district court arraigned Ashike on the amended information, which the court said was "going to be a single charge of the criminal attempt of unlawful intrusion," a Class I misdemeanor. The court noted that the State had provided a "two-page written plea agreement as well as a three-page written waiver of rights" containing "the initials JA" and Ashike's purported signature. Ashike confirmed that he read and signed the documents and that he understood that by entering a plea of guilty or no contest, he would be waiving those rights. Ashike then pled no contest to the amended charge. The State provided the following factual basis for his plea:

On August 11, 2023, Officer Haefele of the Sidney Police Department was dispatched regarding a video recording device discovered in [a store's] restroom. Upon arrival the store manager showed the officer a canvas painting in the restroom of the store that had a couple small pin holes [sic]. He also provided a white table[t] that had been recovered from behind the canvas painting. The table[t] had a camera that was aligned with one of the pin holes [sic] and pointed towards the toilet. When the tablet was discovered it was unlocked and the camera app was running. The officer was able to determine . . . [that the] device belonged to . . . Ashike. Mr. Ashike was observed on [the store's] surveillance cameras on August 11, 2023, entering the [store's] bathroom. He was later interviewed by law enforcement. He was provided his *Mirand*[*a*] rights and waived those rights. He stated he had hidden the tablet inside the restroom. The tablet was placed to stream video of people using the restroom that then transmitted the video from the tablet to his cell phone and he stated he would review the footage. Footage was recovered from the tablet showing it was successful. All events occurred in Cheyenne County, Nebraska.

Following the State's factual basis, the court asked Ashike's counsel if there were any additions or corrections that he would like to make. Ashike's counsel stated:

> Yes, Judge. I think the statute requires the court to make some findings with regard to the individuals subject to the unlawful intrusion, specifically that there were no minors involved. I think the evidence in this case is that there were no minors involved, so we would ask the court to make that finding as one of the facts.

The State stipulated that it was not alleging that minors were involved in the offense. The court accepted Ashike's plea of no contest to the amended charge and found him guilty of the same. The court ordered a presentence report (PSR) and set the case for sentencing.

At the sentencing hearing on February 13, 2024, the district court said that it had considered Ashike's PSR, including various letters and victim impact statements. The court informed Ashike that it believed his conviction for attempted unlawful intrusion fell within SORA because Ashike "would have been older than 19" at the time of the offense and "one of the victims identified in the police report is a minor with a date of birth . . . which would have made that victim 15-years-old at the time of the offense." The court then read Ashike the notification of registration responsibilities as required by SORA.

Ashike's counsel objected to the district court's finding that Ashike was subject to SORA because there was "no evidence that any of the videos taken in this case were of a minor." Defense counsel stated, "The court makes reference to this 15-year-old person," but "[t]hat person was not a victim," "[t]hat was a witness." In support of its objection, counsel offered exhibit 1 into evidence, and it was received without objection. Exhibit 1 contained police reports regarding two separate incidents--the August 11, 2023, incident for which Ashike was charged and convicted, and a similar incident that occurred on July 31. Only the police report for the July 31 incident referred to a 15-year-old juvenile "witness."

The relevant police report indicates that on July 31, 2023, a 15-year-old used the restroom at the same store involved in the August 11 incident. After using the restroom, he "got curious" about hidden cameras in bathrooms, so he proceeded to look at a painting in front of the toilet. He pulled the painting towards him, and a black android cell phone fell out from the back of the painting. When he pressed the power button, a "powering on" screen appeared. The reporting officer noted that the cell phone was not charged and that the phone "would not display anything."

After receiving exhibit 1 into evidence, the district court clarified its findings. The court stated:

> [J]ust as a matter of, again, clarity in the record, the court would note on page 53 of the presentence report the father of the minor indicates the minor went to the restroom, had a strange feeling of being watched after using the restroom. He looked around and found a cell phone behind a picture on the wall overlooking the toilet. No previous interactions with the defendant. That's what was noted.

The court was "comfortable that it's a registerable offense." However, Ashike's counsel stated that at the time of the factual basis . . . there was [sic] representations made that there were no minors depicted in any of the videos." In addressing the issue, the State said:

- 3 -

Judge, in reviewing the reports I think part of which was just provided to you, when the minor child found the phone it was not charged and did not display anything. As we did say in the factual basis, we don't any [sic] footage of a minor child that has been shown.

After the discussion about SORA concluded, both parties made sentencing comments. The district court then sentenced Ashike to 24 months of probation, subject to various terms and conditions, including specified days of jail time (some waivable and some not waivable). The court also overruled Ashike's SORA objection. However, in its written "Sentencing Journal Order of Probation" entered on February 13, 2024, the court memorialized the sentence of probation it had orally pronounced, but there was no mention of a SORA registration requirement.

## ASSIGNMENT OF ERROR

Ashike assigns that the district court erred by ordering him to register under SORA because there was insufficient evidence to show that there was a victim less than 18 years of age as required under the relevant statute.

## STANDARD OF REVIEW

A trial court's factual findings under SORA are reviewed as a question of the sufficiency of the evidence. See *State v. Norman*, 285 Neb. 72, 824 N.W.2d 739 (2013).

Statutory interpretation presents a question of law, which an appellate court reviews independently. *State v. Wilson*, 306 Neb. 875, 947 N.W.2d 704 (2020).

## ANALYSIS

### SORA REGISTRATION – ORAL PRONOUNCEMENT

Ashike contends, and the State agrees, that the district court erred by ordering him to register under SORA because "[t]here was insufficient evidence to establish that a minor child was depicted in the video recordings in this case," as required by § 28-311.08. Brief for appellant at 7. Section 28-311.08 provides, in relevant part:

> (2) It shall be unlawful for any person to knowingly and intentionally photograph, film, or otherwise record an image or video of the intimate area of any other person without his or her knowledge and consent when his or her intimate area would not be generally visible to the public regardless of whether such other person is located in a public or private place. Violation of this subsection is a Class IV felony.
>
> . . . .
>
> (6) As part of sentencing following a conviction for a violation of subsection (1), (2), or (3) of this section, the court shall make a finding as to the ages of the defendant and the victim at the time the offense occurred. If the defendant is found to have been nineteen years of age or older and the victim is found to have been less than eighteen years of age at such time, then the defendant shall be required to register under the [SORA].

As applicable to Ashike's conviction for "Attempted Unlawful Intrusion – Record Video of Intimate Area," the statute requires the district court to make a finding as to the ages of Ashike and "the victim" at the time the offense occurred. The court found that Ashike "is 25-years-old now"

- 4 -

and "would have been older than 19" at the time the offense occurred. The court also found that "one of the victims identified in the police report is a minor" who was "15-years-old at the time of the offense." "That then makes the conviction under that Act registerable."

A trial court's factual findings under SORA are reviewed as a question of the sufficiency of the evidence. See *State v. Norman, supra*. The State must prove the existence of such facts by clear and convincing evidence. See *id*. When viewing the evidence in the light most favorable to the State, an appellate court will affirm a trial court's ruling that a defendant must register under SORA when a rational trier of fact could make such findings with a firm conviction. See *id*. And, as with any sufficiency claim, regardless of whether the evidence is direct, circumstantial, or a combination thereof, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. See *id.*

In the present case, there is no dispute that Ashike was 19 years of age or older when the offense occurred. As for whether there was a victim under 18 years of age, the district court relied on a statement made by the father of a 15-year-old witness in the July 31, 2023, incident, for which Ashike was not charged. In the "Victim Impact Questionnaire" for that incident, which is contained in the PSR, the father stated that the child "went to the restroom, [and] had a strange feeling of being watched. After using the restroom he looked around and found a cell phone behind a picture on the wall overlooking the toilet." According to exhibit 1, the 15-year-old went to the restroom at the same store involved in the August 11 incident. After using the restroom, he "got curious and started to think about videos of people finding hidden cameras." So, he "went to go look at the painting in front of the toilet. . . . [He] decided to pull the painting towards [him] and then a black android phone fell out from the back of the painting." When he pressed the power button on the phone, a "powering on" screen appeared. The reporting officer noted that the cell phone battery was not charged and that the phone "would not display anything." The officer reviewed the store's security video and determined it was "unknown how long the phone may have been sitting in the picture." Notably, the record indicates that the 15-year-old was a witness rather than a victim. Ashike was asked about the July 31 incident but was not charged or convicted for that incident. He was only charged and convicted for the August 11 incident.

Although there were multiple victims recorded by Ashike's tablet in the store's restroom on August 11, 2023, the record does not contain any evidence that one of the victims was under 18 years of age. Additionally, at the plea and sentencing hearings, and in its brief on appeal, the State in each instance agreed that no minors were involved. Specifically, at the plea hearing, the State stipulated that no minors were involved. At the sentencing hearing, the State pointed out that when the "minor child found the phone it was not charged and did not display anything. As we did say in the factual basis, we don't any [sic] footage of a minor child that has been shown." Finally, in its brief on appeal, the State contends that "because the offense for which Ashike was convicted did not involve a minor victim (as stipulated by the parties), the district court erred in finding otherwise." Brief for appellee at 8.

Viewing the evidence in a light most favorable to the State, a rational trier of fact could not have found that any victim was under 18 years old. Because the evidence was insufficient, Ashike should not have been ordered to register under SORA, and that portion of the district court's oral pronouncement of Ashike's sentence was erroneous.

In its oral pronouncement at the sentencing hearing, the district court sentenced Ashike to 24 months of probation and ordered him to register under SORA. As explained above, the pronouncement related to SORA was erroneous. However, the court's written sentencing order only included the sentence of probation; there was no mention of SORA.

A validly imposed sentence takes effect from the time it is pronounced. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). After a valid sentence takes effect, the trial court cannot modify, amend, or revise it in any way during or after the term or session of court at which the sentence was imposed. *Id.* As a result, Nebraska courts have held that in the event of a discrepancy between an oral pronouncement of sentence and the written sentencing order, the oral pronouncement controls. See *id.* These holdings presume that the initial sentence was valid. *Id.*

In *State v. Custer, supra*, the Nebraska Supreme Court addressed a trial court's authority to modify or revise a sentence when a portion of the sentence is valid, and a portion of the sentence is invalid or erroneous. In *Custer*, the district court orally sentenced the defendant on a first-degree murder conviction to life imprisonment without the possibility of parole. However, the sentencing statute did not authorize a sentence of life imprisonment without the possibility of parole. In its written order, the district court omitted the language regarding the possibility of parole. See *id.* The Nebraska Supreme Court held that "where a portion of a sentence is valid and a portion is invalid or erroneous, the court has authority to modify or revise the sentence by removing the invalid or erroneous portion of the sentence if the remaining portion of the sentence constitutes a complete valid sentence." *Id.* at 113, 871 N.W.2d at 262. As such, the trial court in *Custer* "had authority to modify the sentence to remove the erroneous language." *Id.* See, also, *State v. Nelson*, 27 Neb. App. 748, 936 N.W.2d 32 (2019), *disapproved on other grounds, State v. Wilson*, 306 Neb. 875, 947 N.W.2d 704 (2020) (where there is discrepancy between invalid oral pronouncement of sentence and valid written sentencing order regarding lifetime SORA registration requirement, valid written sentencing order controls).

Ashike does not challenge the 24 months of probation ordered by the district court. He challenges only the court's oral statement that Ashike was required to register under SORA. However, the court modified the erroneous portion of its oral pronouncement by not including a SORA registration requirement in its written sentencing order entered that same day. The court had authority to make such a modification. See *State v. Custer, supra*. As such, the written sentencing order of the district court is affirmed.

## CONCLUSION

For the reasons stated above, we find that there was insufficient evidence to determine that Ashike was required to register under SORA. However, having determined that the erroneous portion of Ashike's orally pronounced sentence was properly modified by the district court's February 13, 2024, written sentencing order, we affirm that order.

AFFIRMED.